**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No. CV-05-3033 PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Collegeville/Imagineering Ent., et al., | |
| Defendants. | |

Plaintiff Equal Employment Opportunity Commission has filed a Motion for Leave to Amend Complaint. Doc. #22. Defendants have filed a partial opposition to the motion and Plaintiff has filed a reply. Docs. ##25, 31. For the reasons set forth below, the Court will grant Plaintiff's motion.[1]

Defendants oppose only the addition of class claims to Plaintiff's amended complaint. Defendants make three arguments: (1) that Plaintiff never issued a reasonable cause finding with respect to a retaliation class claim, (2) that Plaintiff failed to attempt to conciliate class claims, and (3) that Plaintiff has engaged in undue delay and bad faith that will prejudice Defendants. The Court will address each of these arguments separately. Before doing so, however, the Court notes that Plaintiff's motion to amend is timely under the Court's Case

---

[1] The Court will deny the request for oral argument because the parties have submitted memoranda thoroughly discussing the issues and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  Management Order (Doc. #20) and leave to amend is to be liberally granted.  *See Foman v.*
2  *Davis*, 371 U.S. 178, 182 (1962).

3  **I.     Reasonable Cause Determinations.**

4  Although Plaintiff seeks to add class claims to its complaint, Plaintiff makes clear in
5  its reply memorandum that the class will consist of only two individuals – Ms. Limon and
6  Ms. Avalos – in addition to the original claimant, Ms. Honer.  Plaintiff "does not seek relief
7  for retaliation on behalf of any other class members."  Doc. #31 at 4.

8  Plaintiff made reasonable cause determinations with respect to the alleged retaliation
9  against Ms. Limon and Ms. Avalos.  *See id.*, Ex. E at 2, Ex. H at 2.  Because the retaliation
10 class consists only of these individuals, and reasonable cause determinations were made with
11 respect to each of them, Defendants' argument on this issue fails.

12 **II.    Conciliation.**

13 Plaintiff has submitted evidence of its attempted conciliation efforts on behalf of
14 claimants Honer, Limon, and Avalos, as well as a class of women.  *Id.*, Exs. J, K, L, M, N,
15 and O.  These documents show that settlement discussions were undertaken between Plaintiff
16 and Defendants concerning the claims of Honer, Limon, Avalos, and a class.  The Court finds
17 these settlement efforts sufficient to satisfy Plaintiff's conciliation obligation.

18 **III.   Undue Delay, Bad Faith, and Prejudice.**

19 As noted above, Plaintiff's motion was filed within the time permitted by the Court's
20 Case Management Order.  The proposed amendment was also filed approximately one month
21 after conciliation efforts with respect to the claims of Limon, Avalos, and the class were
22 completed.  The Court cannot conclude that Plaintiff engaged in undue delay.

23 Nor can the Court conclude that Plaintiff has engaged in bad faith.  Defendants argue
24 that Plaintiff sought to amend the complaint only after Defendants rejected its settlement
25 demands and thus characterize the proposed amendment as retaliation for a refusal to settle.
26 It is not uncommon, however, for parties to amend complaints when settlement efforts fail.
27 The Court cannot conclude that such conduct constitutes bad faith.

28

- 2 -

Finally, Defendants claim that they have been prejudiced by Plaintiff's delay. Defendants argue that much evidence has been lost during Plaintiff's investigation of these claims since 2002. The Court notes, however, that Defendants have been aware of the charges since 2002 and presumably could have taken steps to preserve evidence that might otherwise have been lost. The Court also notes that the inadvertent erasure of one side of a tape recording related only to Ms. Honer's claim, not to claims added in the proposed amendment. Thus, the Court cannot conclude that delay in seeking the amendment is responsible for loss of the evidence that was contained on the tape.

Given the liberal standard for amendment of pleadings under Rule 15 and Plaintiff's timely motion to amend under the Court's Case Management Order, the Court concludes that amendment in this case should be permitted.

**IT IS HEREBY ORDERED** that Plaintiff EEOC's Motion for Leave to Amend Complaint (Doc. #22) is **granted**. The Clerk is directed to file the Amended Complaint (Doc. #23).

DATED this 12th day of July, 2006.

_David G. Campbell_
United States District Judge