**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Equal Employment Opportunity
Commission,

      Plaintiff,

vs.

Collegeville/Imagineering Ent., et al.,

      Defendants.

No. CV-05-3033 PHX-DGC

**ORDER**

The parties disagree on whether Defendants may communicate with class members regarding possible settlement of this suit, or whether such communications are barred by an attorney-client relationship between the EEOC and the class members.  Defendants seek an opportunity to settle with the five class members separately because of the individualized nature of their claims.  Dkt. #82 at 1.  The EEOC argues that it has established an attorney-client relationship with the class members and that defense contact with them would violate Model Rule of Professional Conduct 4.2, which prohibits *ex parte* contact with represented parties.  Defendants argue that Rule 4.2 does not apply because the EEOC and the class members have not established an attorney-client relationship.  Dkt. #82 at 3.

Defendants assert that "[e]mployers routinely settle discrimination claims directly with the individuals represented by the EEOC, without involving the EEOC in the settlement process or obtaining approval from either the EEOC or the courts."  Dkt. #82 at 2.  Defendants cite cases in which parties who had previously filed a charge with the EEOC either brought suit individually or settled with defendants.  *See, e.g.*, *EEOC v. Harris*

1    *Chernin, Inc.*, 10 F.3d 1286, 1291 (7th Cir. 1993); *EEOC v. UPS*, 860 F.2d 372, 373 (10th

2    Cir. 1988); *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1541-42 (9th Cir. 1987).

3    There is a difference, however, between a claimant voluntarily departing from an attorney-

4    client relationship to settle or file a new suit and a defendant initiating contact with a

5    claimant already in an attorney-client relationship.  None of Defendant's cases permit the

6    latter form of contact.

7         The Court has reviewed the cases cited by both Plaintiffs and Defendants to discern

8    when an attorney-client relationship begins in a Title VII lawsuit brought by the EEOC.  An

9    attorney-client relationship does not exist across an entire potential class merely when the

10    EEOC has filed a case and identified the class.  *See EEOC v. Albertson's, Inc.*, No. CV-06-

11    1273, 2006 U.S. Dist. LEXIS 72378, at *18 (D. Colo. October 4, 2006).  Rather, an attorney-

12    client relationship commences when the aggrieved individuals take action to manifest their

13    intent to enter the relationship.  Courts have found such a relationship to exist when an

14    individual contacted the EEOC through questionnaires and phone calls, *EEOC v. Int'l Profit*

15    *Associates, Inc.*, 206 F.R.D. 215 (N.D. Ill. 2002), consulted the EEOC with an intent to seek

16    legal advice, *EEOC v. Johnson & Higgins, Inc.*, CV-93-5481, 1998 WL 778369, at *5-6

17    (S.D.N.Y. Nov. 6, 1998), or signed an affidavit stating a belief that an attorney-client

18    relationship existed, *EEOC v. Chemtech Int'l Corp.*, CV-94-2848, 1995 WL 608333, at *2

19    (S.D. Tex. May 17, 1995); *EEOC v. HBE Corp.*, No. CV-93-722, 1994 WL 376273, at *2

20    (E.D. Mo. May 19, 1994).

21         The EEOC bears the burden of showing an attorney-client relationship with each class

22    member.  *See Johnson & Higgins, Inc.*, 1998 WL 778369, at *4. The only evidence the

23    EEOC identifies in support of its claim is that the five class members were disclosed as a

24    class, two of the class members are current employees of Defendants, and three of the class

25    members filed administrative charges of discrimination with the EEOC.  Dkt. #83, n.1.  The

26    EEOC states that it "is prepared to obtain affidavits from each of the five class members

27    expressing their consent to representation by the EEOC," but it has not done so.  *Id.* at 2.

28

The fact that the individuals were disclosed as a class does not show that an attorney-client relationship exists.  *See Albertson's*, 2006 U.S. Dist. LEXIS 72378 at *16; *EEOC v. Dana Corp.*, 292 F.Supp.2d 827, 839 (N.D. Ind. 2002).  Nor is such a relationship established by the fact that two of the class members work for Defendants.  While the EEOC cites cases explaining that communications between a defendant and its current employees could have a coercive effect, the EEOC has shown nothing to indicate what sort of coercive effect such communications might have in this case, and the Court is confident that its order can alleviate such concerns.  *See, e.g., EEOC v. TIC*, No. CV-01-1776, 2002 WL 31654977, at *6 (E.D. La. Nov. 21, 2002) (discussing coercion concerns but allowing defendant to communicate with class members who were current employees); *Albertson's*, 2006 U.S. Dist. LEXIS 72378, at *23-24.

The Court concludes that the filing of charges with the EEOC by three class members, along with the EEOC's subsequent filing of suit against Defendants, constitutes sufficient evidence of an attorney-client relationship between the three charging parties and the EEOC. *See, e.g.*, *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 308 n. 9 (2002) (Thomas, J., dissenting) (recognizing with approval that the EEOC believed attorney-client relationship existed between charging parties and the Commission); *EEOC v. TIC*, 2002 WL 31654977, at *6; *EEOC v. McDonnell Douglas Corp.*, 948 F.Supp. 54, 55 (E.D. Mo. 1996) (noting with approval that defendant seeking to contact non-filing class members had agreed not to contact class members who had filed charges with the EEOC).  The Court therefore concludes that Defendants should not initiate *ex parte* communications with Linda Honer, Rosa Limon, and Linda Avalos.

Because the EEOC has not carried its burden of showing an attorney-client relationship with the other two class members, the Court will not hold that Defendants are precluded from communicating with them.  To the extent that the two purported class members are still employed by Defendants, Defendants shall advise them that it is unlawful for Defendants to retaliate against employees for consenting to representation by the EEOC

1   and participating in the lawsuit.  *See TIC*, 2002 WL 31654977, at *6.

2         The EEOC also argues that "[t]o the extent that Defendants seek to challenge the

3   EEOC's ability to entertain only those settlement offers which afford complete relief for its

4   class members, this issue is not ripe[.]"  Dkt. #83 at 1.  The Court agrees, but does not view

5   Defendant's brief as challenging the EEOC's authority to control settlements with the class.

6   Defendants merely ask the Court to allow them to contact class members with independent

7   settlement offers.

8         **IT IS ORDERED:**

9         Defendants may communicate *ex parte* with class members other than Linda Honer,

10   Rosa Limon, and Linda Avalos.  Before such communications commence, Defendants shall

11   inform the class members of the pending litigation by the EEOC, make them aware that they

12   are speaking to a representative of Defendants, and inform them that participation in the

13   EEOC lawsuit will not result in any retaliation by Defendants.  If the class members express

14   a desire not to communicate with Defendants or otherwise indicate that they are represented

15   by the EEOC, Defendants shall terminate the *ex parte* communications.

16         DATED this 17th day of January, 2007.

17

18

19   _____

20               David G. Campbell
              United States District Judge

21

22

23

24

25

26

27

28

- 4 -