**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) ) | No. CV-05-3033-PHX-DGC |
| Plaintiff, ) ) | |
| vs. ) ) | **ORDER** |
| Collegeville/Imagineering, et al., ) ) | |
| Defendants. ) ) | |

On January 17, 2007, the Court issued an order permitting Defendants to communicate *ex parte* with class members other than Linda Honer, Rosa Limon, and Linda Avalos. Dkt. #106. The Court stated that before such communications commence, Defendants shall inform the class members of the pending litigation by the EEOC, make them aware that they are speaking to a representative of Defendants, and inform them that participation in the EEOC lawsuit will not result in any retaliation by Defendants. *Id.* at 4. The Court further stated that if the class members express a desire not to communicate with Defendants or otherwise indicate that they are represented by the EEOC, Defendants shall terminate the *ex parte* communications. *Id.*

Plaintiff has filed a "motion to reconsider in part" the order permitting *ex parte* communications with class members. Dkt. #109. The Court does not construe Plaintiff's motion as a motion for reconsideration of the Court's January 17 order. Plaintiff does not ask the Court to reconsider any ruling made in that order. Rather, Plaintiff requests that the *ex parte* communication requirements set forth in the order be extended to potential class

members disclosed by Plaintiff. *Id.* at 2. Plaintiff further requests that Defendants be required "to specifically ask class members and potential class members if they believe themselves to be represented by the EEOC, and to inform class members and potential class members that they are not required to speak to Defendants's representatives regardless of whether they are represented by the EEOC." *Id.*

The Court will grant Plaintiff's request that the *ex parte* communication requirements set forth in the Court's January 17 order be extended to potential class members disclosed by Plaintiff. The Court also will grant Plaintiff's request that Defendants be required to specifically ask class members and potential class members if they are represented by the EEOC. This requirement furthers the purposes of Model Rule of Professional Conduct 4.2. Plaintiff has cited no legal authority for the proposition that Defendant should be required to inform class members and potential class members that they are not required to speak to Defendants's representatives regardless of whether they are represented by the EEOC. The Court will deny this request.

**IT IS ORDERED:**

Plaintiff's motion regarding *ex parte* contact with class members (Dkt. #109) is **granted in part** and **denied in part**. The requirements set forth in the Court's January 17 order (Dkt. #106) regarding Defendants' *ex parte* communications with class members shall apply to potential class members disclosed by Plaintiff. In addition, before any *ex parte* communications commence, Defendants shall ask class members and potential class members whether they are represented by the EEOC. If the class members or potential class members express a desire not to communicate with Defendants or otherwise indicate that they are represented by the EEOC, Defendants shall terminate the *ex parte* communications.

DATED this 13th day of February, 2007.

_____
David G. Campbell
United States District Judge