**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) | No. CV-05-3033 PHX-DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Collegeville/Imagineering Ent., et al., ) | |
| Defendants. ) | |

As required by the Court's order of March 27, 2007 (Dkt. #137), the parties have submitted memoranda addressing Plaintiff's claim that the identities of witnesses interviewed by Plaintiff's counsel are protected from disclosure by the attorney work product doctrine. Dkt. ##142, 143. The Court has reviewed the memoranda and the cases cited by the parties. Plaintiff's work product argument is well-taken.

Interrogatory number 22 from Defendants' third set of non-uniform interrogatories makes this request: "Identify every current employee of [Defendants] whom you have contacted." Dkt. #142. Interrogatory number 26 is similar: "Identify every former employee of [Defendants] whom you have contacted." *Id.* "You" is defined in the interrogatories to include "the EEOC, its present and former employees, agents, attorneys, servants, and representatives." *Id.*

These interrogatories do not seek to discover the identities of witnesses with information about this case. Nor do Defendants assert that Plaintiff has failed to disclose

1 such witnesses under Federal Rule of Civil Procedure 26(a) or in response to discovery 2 requests. Rather, the interrogatories seek simply to obtain the identities of witnesses 3 contacted by counsel for Plaintiff.

4 The cases cited by Defendants primarily concern requests to identify witnesses with 5 relevant information. Courts routinely hold that the names of such witnesses are not 6 protected from disclosure merely because opposing counsel has elected to interview them. 7 These courts hold that "the names and addresses of individuals interviewed by counsel '*who* 8 *have knowledge of the facts alleged in the complaint* are not protected from disclosure by the 9 work product doctrine.'" *Norflet v. John Hancock Fin. Servs., Inc.*, No. 3:04cv1099, Slip. 10 Op., 2007 WL 433332, at \*3 (D. Conn. Feb. 5, 2007) (emphasis added) (quoting *In Re* 11 *Theragenics Corp. S.E.C. Lit.*, 205 F.R.D. 631, 634-36 (N.D. Ga. 2002)).

12 But where a party does not seek to learn of witnesses with knowledge about the case, 13 and instead seeks to learn who has been contacted by opposing counsel, work product 14 concerns arise. Such discovery requests seek to track the steps of opposing counsel and their 15 witness interview choices. Such requests focus on the actions of lawyers rather than the 16 knowledge of witnesses. Courts correctly note that "when the terms of the interrogatory are 17 not cast in terms of identification of persons with knowledge but rather in terms of 18 identification of persons interviewed by counsel, the work-product doctrine may be 19 applicable." *Massachusetts v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 152 (D. Mass. 20 1986) (citing cases).

21 Admittedly, cases have not been uniform in their consideration of this issue. This 22 Court concludes, however, that discovery designed to find witness with knowledge does not 23 run afoul of the work product protection while discovery designed to trace the steps of 24 opposing counsel does. Because interrogatories 22 and 26 fall into the latter category, they 25 call for work product and need not be answered.

26 Defendants attempt to overcome the work product protection by arguing that it would 27 take significant effort to learn what is known by employees contacted by Plaintiff's counsel. 28 Dkt. #143 at 2. Specifically, Defendants argue that they would need to interview numerous

employees, some of whom cannot be located, to learn what the witnesses know. But Defendants' interrogatories do not ask what the witnesses know. They ask what Plaintiff's counsel have done. Defendants have not made the showing necessary to overcome Plaintiff's work product protection.

DATED this 10th day of April, 2007.

*David G. Campbell*
United States District Judge